**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cr-00389-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| JOSE SANCHEZ-OSUNA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion for Sentence to Run Concurrent (ECF No. 62). The Government filed a Response (ECF No. 63). For the reasons discussed below, the Court denies the Motion.

## I. BACKGROUND

Defendant Jose Sanchez-Osuna pled guilty pursuant to a written Plea Agreement (ECF No. 22) to one count of Deported Alien Found Unlawfully in the United States, a violation of 8 U.S.C. § 1326, and this Court sentenced him to 51 months imprisonment, to be followed by 3 years of supervised release. (*See* J., Sept. 12, 2013, ECF No. 38). Moreover, following a drug conviction in the District of Nebraska, Defendant's term of supervised release was transferred to this Court, and the Court joined Defendant's violation proceedings of the supervised release with the unlawful reentry case. (*See* 2:12-cv-00447). As a result, the Court imposed a consecutive twelve-month sentence on the revocation. (*See id.*). Shortly thereafter, Defendant appealed, arguing that the Court failed to adequately explain the reasons for imposing a consecutive revocation sentence and that the consecutive revocation sentence was substantively unreasonable. (*See* Mem., ECF No. 58). However, the Ninth Circuit rejected both challenges. (*Id.*).

## II. DISCUSSION

The Court must deny Defendant's instant Motion for two reasons. First, under 18 U.S.C. § 3582(c), the Court may not modify a term of imprisonment once it has been imposed. Although the statute provides specific exceptions, none of the exceptions apply in this case. Accordingly, the Court does not have authority to modify Defendant's sentence.

Second, to the extent that Defendant's instant Motion is construed as a 28 U.S.C. § 2255 motion, it is barred by the relitigation doctrine. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700–01 (9th Cir. 1985)). Here, because Defendant challenged the Court's imposition of consecutive sentences in his direct appeal, he may not relitigate the issue in a 28 U.S.C. § 2255 motion.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence to Run Concurrent (ECF No. 62) is **DENIED**.

**DATED** this 23rd day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge